IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 22, 2004 Session

## TIERANY REDMOND V. CLETIDUS MARQUELL HUNT

**Direct Appeal from the Juvenile Court for Shelby County**
**No. N6957     Kenneth Turner, Judge**

### No.  W2004-00127-COA-R3-JV - Filed December 10, 2004

## PARTIAL DISSENT

I agree with the majority's analysis in this case, except for its conclusion regarding whether Mother presented evidence demonstrating a need for child support based on income amounts in excess of $10,000 per month, for both the retroactive and prospective child support.  Moreover, an upward deviation is warranted by Father's failure to exercise visitation.

In *Turner v. Yovanovitch*, 2003 WL 22098033 (Tenn. Ct. App. 2003), the father made $128,340 in 1999, $360,401 in 2000, $444,000 in 2001, and projected his 2002 income to be $275,000.  The trial court found that the father's income was $275,000 per year and awarded child support based on that, at $3,342 per month.  The father argued on appeal that the mother had failed to show a need for child support over $2,100, or 21% of $10,000 per month.

On appeal, this Court in *Turner* noted that the mother was not required to produce a list of expenditures made in mere anticipation of more child support, citing *Nash v. Mulle*, 846 S.W.2d 803, 806 (Tenn. 1993).  In *Turner*, the mother testified that, if awarded child support on the father's entire net income, she would re-enroll the child in private school and would provide art and dance lessons, as well as educational travel.  Based on this testimony, this Court concluded that the mother had shown by a preponderance of the evidence that child support based on father's net income in excess of $10,000 per month was reasonably necessary to provide for the child.

The evidence in this case is certainly more compelling than the evidence in *Turner* to justify increased child support.  Father's multimillion dollar income was reflected in his lifestyle, with multiple homes in several states, multiple status vehicles and luxurious vacations.  In stark contrast, Mother, as a single mother of two young children, works part-time, received welfare and food stamps, and lived with another family because she could not afford a home.  She testified that she

had incurred several thousand dollars in credit card debt, in part directly attributable to T. L. and in part from inability to pay overall family expenses. She said that she sought to send T. L. to a private school and purchase a modest house, ranging in value from $100,000 to $175,000, for the family in a better part of town.

Although affirming the separate award for private school tuition, the majority reduced the retroactive child support to $2,100 per month, and affirmed the prospective award at $2,100 per month as well. Given the fact that T. L.'s family had subsisted on government assistance and was forced to live with another family, Mother's desire to purchase, furnish and provide upkeep for a modest home is not only reasonable and necessary, but also likely unattainable in the absence of additional child support. In view of Father's multimillion dollar income and lavish lifestyle, the evidence clearly preponderates in favor of an award of retroactive and prospective child support based on a portion of Father's considerable income in excess of $10,000 per month.

Moreover, the undisputed evidence at trial was that Father had exercised overnight visitation with T. L. only once or twice. Clearly an upward deviation in the amount of child support, both retroactive and prospective, is warranted, indeed mandated, by the child support guidelines.

Based on these factors, I would order an increased amount of retroactive and prospective child support, and I dissent from the majority's ruling in this regard. I fully concur with the remainder of the majority's opinion.

_____
HOLLY M. KIRBY, JUDGE